RACHELS *v.* RUSSELL.

Opinion delivered July 3, 1922.

1. ATTORNEY AND CLIENT—LIEN FOR FEES.—A lien for attorney's fees on a judgment under Crawford & Moses' Dig., § 6304, with proof that the fees were for services in various suits but without showing what fees were recoverable in the particular litigation, cannot prevail against· the .right of the judgment debtor, under § 6323, to set off against the judgment against him a judgment rendered for him against the client.

2. ATTORNEY AND CLIENT—EFFECT OF JUDGMENT CONDITIONALLY CONSENTED TO.—Where consent to a judgment was given by the debtor on condition that a previous judgment in favor of the debtor against the creditors be set-off against the consent judgment, attorneys for the creditor who agreed to the condition cannot dispute the right to set-off under Crawford & Moses' Dig., § 6323, nor assert a lien or assignment in conflict therewith.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. N. Rachels* and *H. A. Midyett,* for appellants.

Appellee had knowledge for many months that the cause of action had been assigned to appellants and it was not necessary that the assignment be filed with the papers or noted of record. Sec. 6303, C. & M. Digest; 74 Ark. 552; 98 Ark. 529. In cases of the nature prescribed by statute, an attorney recovering a judgment for his client, where his lien is duly preserved, has such an interest in the judgment that he cannot be deprived thereof on motion. 92 Ark. 388; 117 Ark. 504. His lien cannot be affected by any settlement between the parties before or after final judgment. 120 Ark. 389; 5 Civ. Pro. (N. Y.) 146, 98 N. Y. 660; 128 Ark. 471; 133 Ark. 294; 135 Ark. 22; 140 Ark. 180; 146 Ark. 174; 141 Ark. 369.

*Brundidge & Neelly,* for appellee.

Appellant did not comply with sec. 6303, C. & M. Digest. Judgment was confessed by appellee with the understanding that same was to be credited on the prior judgment. The finding to the effect that Russell had no actual notice of the alleged assignment is not against the weight of the evidence. 80 Ark. 185.

McCulloch, C. J. This is a proceeding instituted under the statute (Crawford & Moses' Digest, § 6323) by appellee to set-off a judgment rendered in favor of appellee against one Blasingame for the recovery of the sum of $2,276, against another judgment rendered in favor of Blasingame against appellee in the sum of $250. Blasingame was brought into court by proper notice, and appellants appeared and intervened for the purpose of resisting the order setting-off the two judgments, one against the other, and as grounds for the intervention they alleged that the cause of action, upon which the judgment in favor of Blasingame against appellee was rendered, had been duly assigned to them by written instrument prior to the rendition of the judgment.

The cause was heard on oral testimony, and an order was entered in accordance with the petition of appellee setting-off the two judgments as prayed for.

According to the testimony adduced at the trial, appellants, who are attorneys at law, represented Blasingame in his litigation with appellee, which involved several different lawsuits, and that Blasingame assigned to them his cause of action against appellee, on which judgment was rendered, in payment of the amount he owed appellants as fees in the various suits. The assignment was in writing, but was not filed and noted on the record, as provided by statute, so as to become notice to third parties. Crawford & Moses' Digest, sec. 6303.

Appellants urge now that they have a lien under sec. 6304, Crawford & Moses' Digest, on the judgment recovered in favor of Blasingame for their fees as attorneys in the litigation, but the proof in the case does not show what amount of fees they were to recover in that particular litigation. The proof merely goes to the fact that Blasingame was indebted to them in the sum of $250 for fees in various suits between him and appellee. It is unnecessary therefore to discuss the question of the right of set-off in favor of appellee as against appellant's statutory lien on the amount recovered in the judgment.

Appellants' claim in this case is nothing more nor less than that of ownership of the cause of action, and the judgment rendered thereon, by assignment under the terms of the statute.

The judgment in favor of Blasingame against appellee was rendered by consent, and the testimony adduced by appellee tended to show that this consent to the rendition of the judgment was given on the express condition that appellee's judgment against Blasingame should be set-off against the judgment to be rendered. There is a conflict in the testimony on this point, as one of the appellants testified that he notified appellee before this judgment was rendered that they owned the cause of action and would assert their rights under the judgment. But it cannot be said that a preponderance of the testimony is against the finding in appellee's favor. If, as shown by appellee, the judgment was rendered by consent upon condition that the two judgments were to be set-off and that this condition was agreed to by appellants themselves, they are in no attitude to dispute appellee's right of set-off under the statute, or to assert a lien or assignment in conflict therewith.

The decree is therefore affirmed.